09-4257-cv
Century Vertical Systems, Inc. v. Local No. 1

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 28th day of May, two thousand ten.

Present:  JOSÉ A. CABRANES,
          ROBERT A. KATZMANN,
                    *Circuit Judges*,
          J. GARVAN MURTHA,
                    *District Judge.*[*]

_____

CENTURY VERTICAL SYSTEMS, INC.,
doing business as Pro Elevator,

                    *Plaintiff-Counter-Defendant-Appellant,*

          - v -                          No. 09-4257-cv

LOCAL NO. 1, INTERNATIONAL UNION
OF ELEVATOR CONSTRUCTORS,

                    *Defendant-Counter-Claimant-Appellee.*[**]

_____

For Plaintiff-Appellant:                    MARTIN GRINGER (Joshua A. Marcus, *on the*

---

[*] The Honorable J. Garvan Murtha, Senior Judge of the United States District Court for the District of Vermont, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption as set forth above.

*brief*), Franklin, Gringer & Cohen, P.C., Garden City, N.Y.

For Defendant-Appellee:

RICHARD H. MARKOWITZ, (Matthew D. Areman, *on the brief*), Markowitz & Richman, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED.**

Plaintiff-appellant Century Vertical Systems, Inc., d/b/a/ Pro Elevator ("plaintiff" or "Vertical"), appeals from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*) entered September 23, 2009, granting summary judgment in favor of defendant-appellee Local No. 1, International Union of Elevator Constructors ("defendant" or "Local No. 1"). Plaintiff initiated this action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, seeking an order declaring that Vertical is not bound by the terms of an arbitration provision contained in a collective bargaining agreement ("CBA") between Local No. 1 and Vertical's "predecessor," Century Industrial Services, Inc. d/b/a Pro Elevator Services, Inc. ("Industrial"). The district court concluded that Vertical is a successor to Industrial as a matter of law, and is therefore bound by the CBA's arbitration provision. We assume the parties' familiarity with the remaining facts and procedural history of this case.

We review the district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). In so doing,

we "utilize[] the same standard as the district court:  summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law."  *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998).

It is well established that "in appropriate circumstances" a successor employer can be bound by an arbitration provision contained in a CBA entered into by the predecessor employer. *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 548 (1964).  These circumstances include, but are not limited to, those cases "where the contracting employer disappears into another by merger," *id.* at 549, where the successor company expressly or impliedly assumes the CBA, *NLRB v. Burns Int'l Sec. Servs., Inc.*, 406 U.S. 272, 284, 286 (1972), and where the successor employer is an alter ego of the predecessor employer, *Howard Johnson Co. v. Detroit Local Joint Executive Bd.*, 417 U.S. 249, 259 n.5 (1974).

Resolution of this question "turns to a great extent on the precise facts involved," though, *Burns*, 406 U.S. at 274, and ultimately depends on whether there exists a "substantial continuity of identity in the business enterprise before and after a change," *Wiley*, 376 U.S. at 551. Although a "number of factors" are relevant in making this assessment, *Fall River Dyeing & Finishing Corp. v. NLRB*, 482 U.S. 27, 43 (1987), the critical issue in assessing the successorship question "is whether there exists a substantial continuity of identi[t]y of the work force," *Local 348-S v. Meridian Mgmt. Corp.*, 583 F.3d 65, 74 (2d Cir. 2009) (citation and internal quotation marks omitted); *see Fall River*, 482 U.S. at 46 & n.12 (noting that the "'triggering' fact" for determining whether a new company is the successor to the old is an overlap in the firms' work forces); *Howard Johnson*, 417 U.S. at 263 (noting that a "continuity of identity in the business

3

enterprise *necessarily includes . . .* a substantial continuity in the identity of the work force across the change in ownership") (emphasis added); *Wiley*, 376 U.S. at 551 (holding that a successor was bound by an arbitration provision contained in a pre-existing CBA where the predecessor merged into the successor, resulting in a "wholesale transfer" of the predecessor's employees).

Here, it is undisputed that only four out of Vertical's fourteen field employees were previously associated with Industrial, thus unequivocally demonstrating the lack of overlap between the two firms' work forces. Because there is plainly no substantial continuity of identity in the work force hired by Vertical with that of Industrial's (a necessary condition for the imposition of arbitration on Vertical, a non-consenting successor, *Howard Johnson*, 417 U.S. at 263), and because it is undisputed that Vertical did not assume any obligations under the CBA through a merger or as an alter ego of Industrial, there is no basis in law or fact for us to conclude that Vertical is bound by the CBA's arbitration provision. Thus, although it was entirely proper for the district court to analyze and weigh a variety of other factors when assessing the successorship question, it erred in entirely discounting the lack of overlap between the two firms' work forces.

Moreover, although the district court did not reach defendant's alternative argument that Vertical was a signatory to the CBA, the record before us unquestionably makes clear that Industrial's president and owner signed the CBA on behalf of Industrial nearly one year before the formation of Vertical. Nothing in the record indicates that Vertical later became a signatory to the CBA or otherwise expressly assumed any of its obligations. Accordingly, because the "record presents a clear basis upon which to reverse the grant of summary judgment," *24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 429 F.3d 39, 46 (2d Cir. 2005), we need not remand

4

this case to the district court for further consideration of this issue.

We have considered the remainder of defendant's arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is **REVERSED** to the extent that it granted defendant's motion for summary judgment for an order compelling arbitration. Judgment shall enter for plaintiff.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK